## MOORE v. HERRINK et al.
### No. 3860.

Circuit Court of Appeals, Fourth Circuit.
April 25, 1935.

R. Carter Scott, Jr., of Richmond, Va., for appellant.

William A. Moncure, Jr., of Richmond, Va., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

On April 15, 1932, less than a month before the involuntary petition in bankruptcy was filed in this case, the board of directors of the corporation authorized the execution of a promissory note whereby the corporation promised to pay to its president the sum of $20,000 for past-due salary, at the rate of $5,000 per year. One-half of the indebtedness was then barred by limitations under the law of Virginia. The board consisted of three persons, the president and payee of the note, and two other officers and employees of the corporation, to wit, his son, the vice president, and the secretary of the corporation. The president owned more than 50 per cent. of the stock, while the others had no stock at all, and were completely under his dominion. After bankruptcy, the note was filed as a claim against the estate, and objections to its allowance were made by the trustees in bankruptcy. The district judge disallowed $10,000 of the claim, the amount barred by limitations, and the claimant appealed.

The decision of the district judge was correct. The action of the board in authorizing the execution of the note, viewed in the light most favorable to the claimant, was voidable at the option of the corporation to the extent that the indebtedness was barred by limitations, because the directors were disqualified to act. The president was directly interested in the collection of the note, which was not collectible in full without the consent of the corporation, and the remaining directors were acting at his behest without the exercise of independent judgment on their part. The board therefore lacked authority to direct the execution of the note. When the corporation was adjudicated a bankrupt, the trustees succeeded to the right of the corporation to treat the action of the board as a nullity, and to resist payment of the note, because section 70a of the Bankruptcy Act, 11 USCA § 110 (a), provides, in substance, that the trustee of the estate of a bankrupt shall, as of the date of adjudication, be vested, by operation of law, with all the powers which the bankrupt might have exercised for his own benefit.

The decree of the District Court is affirmed.